UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| KECIA CHATMAN | CIVIL ACTION |
| VERSUS | |
| MAISON INSURANCE COMPANY, ET AL. | NO. 22-01055-BAJ-SDJ |

## RULING AND ORDER

This suit arises from damage to Plaintiff Kecia Chatman's home from a hailstorm that occurred on or about May 20, 2021. Plaintiff filed this suit against her insurer, Defendant Maison Insurance Company (Maison) on December 26, 2022, alleging that it failed to timely or adequately compensate her for covered losses.

Now before the Court is Defendant Louisiana Insurance Guaranty Association's (LIGA) **Motion to Dismiss Pursuant to FRCP Rule 12(b)(1) (Doc. 17)**. Defendant's motion is unopposed. For the reasons stated herein, Defendant's motion will be granted.

I.  **ALLEGED FACTS**

The following facts are accepted as true for present purposes.

Plaintiff Kecia Chatman is a citizen of Louisiana. (Doc. 1 at ¶1). Her insured property is located at 411 Hood Street in Donaldsonville, Louisiana 70346 (*Id.*). Maison is incorporated under the laws of the State of Florida, with its principal place of business located in Sunrise, Florida 33323. (*Id.* at ¶2). Maison was authorized to do business and issue policies in Louisiana. (*Id.*). [LIGA] is a nonprofit. .

.unincorporated entity created for the purpose of [providing] payment[s] [for] covered claims for certain insolvent insurers under liquidation." (*Id.* at ¶ 3). The purpose of LIGA is:

> to provide for the payment of covered claims under certain insurance policies with a minimum delay and a minimum financial loss to claimants or policyholders due to the insolvency of an insurer, to provide financial assistance to members under rehabilitation or liquidation, and to provide an association to assess the cost of such operations among insurers.

La. R.S. 22 § 2052.

"LIGA only provides coverage if the . . . insurer becomes an *insolvent insurer* after September 1, 1970 . . ." Guglielmo, *The ABC's of LIGA* at 1765.

On August 11, 2022, Maison merged with FedNat Insurance Company (FedNat), another Florida entity. (Doc.17-1 at p. 2). On September 27, 2022, pursuant to an order issued by the Second Judicial Circuit Court for Leon County, Florida, FedNat was declared insolvent. (*Id.*). LIGA then assumed the responsibility of managing FedNat's claims filed in Louisiana.

Plaintiff asserts that she timely paid all associated premiums with her policy prior to the storm. (*Id.* at ¶13). LIGA now moves to dismiss Plaintiff's suit alleging that this Court lacks subject matter jurisdiction because both Plaintiff and LIGA are citizens of Louisiana, thereby defeating diversity jurisdiction required under 28 U.S.C. § 1332.

2

## II.    LAW AND ANALYSIS

### A. Standard

A motion to dismiss under Rule 12(b)(1) is analyzed under the same standard as a motion to dismiss under Rule 12(b)(6). *Benton v. U.S.*, 960 F.2d 19, 21 (5th Cir. 1992). A complaint is subject to dismissal under this provision if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In reviewing a Rule 12(b)(6) motion, a court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *City of Clinton v. Pilgrim's Pride Corp.*, 632 F. 3d 148, 152-53 (5th Cir. 2010) "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 554, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

In ruling on a Rule 12(b)(1) motion, however, "the court is permitted to look at evidence in the record beyond simply those facts alleged in the complaint and its proper attachments." *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009), *cert. denied*, 558 U.S. 1111, 130 S.Ct. 1054, 175 L.Ed. 2d. 883 (2010); *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (finding that a court ruling on a Rule 12(b)(1) motion may consider "(1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."). Furthermore, "[w]hen a Rule 12(b)(1) motion is filed in conjunction with other Rule

3

12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Id.*

"A motion to dismiss for lack of subject matter jurisdiction should only be granted if it appears certain that the plaintiff cannot prove any set of facts in support of his claims entitling him to relief." *See Pike v. Off. of Alcohol & Tobacco Control of the Louisiana Dep't of Revenue,* 157 F. Supp. 3d 523, 533 (M.D. La. 2015) (quoting *Wagstaff v. United States Dep't of Educ.,* 509 F. 3d 661, 663 (5th Cir 2007)). "However, the burden of proof for a Rule 12 (b)(1) motion to dismiss is on the party asserting jurisdiction." *Celestine v. Transwood,* Inc., 467 Fed. Appx. 317, 318 (5th Cir. 2012) (quoting *Ramming,* 281 F. 3d at 161). A pleading stating a claim for relief must contain "a short and plain statement of the grounds for the court's jurisdiction [.]" *Id.* (citing Fed. R. Civ. P 8(a)(1)).

### B. Discussion

It is axiomatic that when invoking diversity jurisdiction in federal court "the cause of action must be between 'citizens of different States' and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs.'" 28 U.S.C. § 1332(a)-(a)(1). "With the exception of corporations, the citizenship of an artificial entity for purposes of diversity is the citizenship of each of the entity's constituent members." *Temple Drilling Co. v. Louisiana Ins. Guar. Ass'n,* 946 F.2d 390 (5th Cir. 1991) (quoting *Carden v. Arkoma Associates,* 494 U.S. 185, 110 S.Ct. 1015, 1021, 108 L. Ed.2d 157 (1990)). Here, the Court must consider whether LIGA is a citizen of Louisiana, such as to defeat the invocation of diversity jurisdiction.

In *Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n,* 896 F.2d 674 (2d Cir. 1990), the Second Circuit held that "[state insurance guaranty associations] have the same citizenship for diversity purposes as each of their members." The Fifth Circuit has adopted the *Rhulen* analysis, holding that unincorporated associations have no individual citizenship and thus, take the citizenship of its members. *Id. (Temple Drilling,* 946 F.2d at 394) (citing 7C Charles Alan Wright, Arthur R. Miller, Mary K. Kane, *Federal Practice and Procedure* § 1861 (3d ed. 1986)).

Plaintiff asserts that jurisdiction is proper pursuant to 28 U.S.C. §§ 1332 and 1441 because FedNat is a citizen of Florida, and thus LIGA derives Florida citizenship from its member. (Doc. 1 at ¶ 6). In response, LIGA asserts that diversity jurisdiction is defeated because although FedNat is a citizen of Florida, LIGA is an unincorporated association that *shares* citizenship with each of its members–which includes Louisiana. (Doc. 17-1 at p. 2).

Here, the question before the Court is whether LIGA may be considered to be a citizen of both Florida and Louisiana based on its member insurers, ultimately defeating diversity jurisdiction. As noted, Plaintiff alleges that she is a citizen of Louisiana, and that her insured property is situated in Donaldsville, Louisiana. (Doc. 1 at ¶ 1). Defendants assert, and it is undisputed, that LIGA is an entity organized under the laws of the State of Louisiana with Louisiana domiciled member insurers; thus, LIGA is a citizen of Louisiana.

To paint a clearer picture of LIGA and its members, the Court must clarify the function of LIGA and how to identify its citizenship. LIGA is a private unincorporated

5

legal entity that is an association of insurers—but not an insurer itself. *See* Carey J. Guglielmo & Daniel J. Balhoff, *The ABC's of LIGA*, 53 La. L. Rev. 1759, 1761. A member insurer is defined as "(i) any person who is licensed and authorized to transact insurance in this state and (ii) since September 1, 1970, has written at least one policy of insurance to which this part applies." La. R.S. 22 § 2055. Moreover, the statute details that "an insurer who ceases to be a member insurer . . . shall remain liable as a member insurer for any and all obligations, including obligations for assessments levied prior to the termination or expiration of the insurer's license." (*Id.*).

Here, it is undisputed that at the time Plaintiff initially purchased insurance, Maison was a Florida company. Maison was a foreign entity that was licensed and authorized to write insurance policies in Louisiana before it merged with FedNat. Because FedNat was declared an insolvent insurer on September 27, 2022, LIGA now serves as FedNat's (and Maison's) guarantor and successor-in-interest pursuant to La. R.S. 22 §2052. As former member insurers, Maison and FedNat were both citizens of Florida. As an insolvent insurer, FedNat is now a member of LIGA and now must be considered a citizen of Florida *and* Louisiana.

It is well-settled that LIGA has Louisiana citizenship because it has Louisiana domiciled members. *See Soza v. S. Fid. Ins. Co.*, No. CV 22-985, 2023 WL 315948 (E.D. La. Jan. 19, 2023) (remanding case because the Plaintiffs were citizens of Louisiana and LIGA was added as the statutory successor-in-interest to a Florida insurance company, defeating diversity jurisdiction); *See also 14th St. Properties,*

6

*LLC v. S. Fid. Ins. Co.*, No. CV 22-1593, 2023 WL 416317 (E.D. La. Jan. 26, 2023) at *1 (finding that because Plaintiffs are Louisiana residents and LIGA is a Louisiana private nonprofit legal entity, diversity was defeated); *Accord Francis v. S. Fid. Ins. Co.*, No. CV 22-763, 2023 WL 2674709 at * 1 (E.D. La. Mar. 29, 2023) (where the Court found that "Multiple sections of the [Eastern District of Louisiana] remanded cases because LIGA has constituent member insurers in Louisiana.").

The Fifth Circuit's analysis in *Temple Drilling* supports this conclusion. Much like the case *sub judice*, "Diversity was defeated in *Rhulen* "because 'at least one insurance company member of each [defendant] Guaranty Association is a citizen of [the plaintiff's state].'" (*Temple Drilling,* 946 F.2d at 394) (quoting *Rhulen* F.2d. at 677). Because Plaintiff and LIGA both are citizens of Louisiana, the Court is without subject matter jurisdiction over this action.

### III.  CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's **Motion To Dismiss (Doc. 17)** be and is hereby **GRANTED**.

Baton Rouge, Louisiana, this **29th** day of January, 2024

*[signature]*

JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA